Omid E. Khalifeh, Esq. CA Bar No. 267340
Email: omid@omnilegalgroup.com
OMNI LEGAL GROUP
640 S. San Vicente Blvd. Suite 215
Los Angeles, California 90048
Telephone: (310) 276- 6664
Facsimile: (310) 305-1550

Attorneys for Defendant
DECO LIGHTING, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. ENERGY TECHNOLOGIES, INC. (dba U.S. Lighting Tech.), a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>DECO LIGHTING, INC., an entity of unknown status, residing in California, and<br>DOES 1 through 9, inclusive.<br><br>Defendants. | Case No. SACV 11-329 JST (RNBx)<br><br>**DEFENDANT DECO LIGHTING, INC.'S ANSWER AND COUNTERCLAIMS TO U.S. ENERGY TECHNOLOGIES, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION** |

Defendant Deco Lighting, Inc. ("Deco" or "Defendant") hereby files this Answer and Counterclaims to the Complaint filed by Plaintiff U.S. Energy Technologies, Inc. dba U.S. Lighting Tech ("U.S. Light" or "Plaintiff"). Deco denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.

# I. ANSWER

## Jurisdiction and Venue

1. Deco admits that the Complaint purports to set forth causes of action for patent infringement, trade dress infringement, and unfair competition arising under federal and state law, but denies that U.S. Light's claims have any factual or legal basis.

2. Deco admits that Plaintiff purports to seek injunctive relief and defendant's profits pursuant to 35 U.S.C. §289 against Deco. Deco denies all other allegations contained in paragraph 2 of the Complaint.

3. Deco admits that Plaintiff purports to seek injunctive relief against Deco for trade dress infringement, but denies that U.S. Light's claims with regard to trade dress infringement have any factual or legal basis. Deco denies all other allegations contained in paragraph 3 of the Complaint.

4. Deco admits that Plaintiff purports to seek injunctive relief against Deco for alleged unfair competition under California state and common law, but denies that U.S. Light's claims with regard to unfair competition under California state and common law have any factual or legal basis. Deco denies all other allegations contained in paragraph 4 of the Complaint.

5. Deco denies each and every allegation contained in paragraph 5 of the Complaint.

6. Deco admits that the Complaint purports to set forth a cause of action that arises under the patent laws of the United States, 35 US.C. § 1, *et. seq*., but denies that U.S. Light's claims have any factual or legal basis. Deco admits that the Complaint purports to set forth a cause of action for trade dress infringement that arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*., but denies that U.S. Light's claims have any factual or legal basis. Deco admits that the Complaint purports to set forth a cause of action for unfair competition that arises under California Business and Professions Code §17200, but denies that U.S. Light's claims have any factual or legal basis.

7. Deco admits that this Court currently has subject matter jurisdiction over the federal claims in this action under 28 U.S.C. §§1331, 1338 inasmuch as the Complaint purports to state claims for patent infringement arising under 35 U.S.C. § 1, *et seq.* and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, but denies any wrongdoing or infringement. Deco admits that this Court currently has supplemental jurisdiction over the state law claims against Deco pursuant to 28 U.S.C. § 1367, but denies that Plaintiff has any valid claim against Deco. To the extent that the federal claims are dismissed at an early stage of this litigation, Deco denies that the Court can retain supplemental jurisdiction over the Complaint's remaining state law claim.

8. Deco admits that venue is proper in this Court. Deco denies all other allegations contained in paragraph 8 of the Complaint.

**<u>The Parties</u>**

9. Deco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Deco admits that it is a corporation maintaining a principal place of business at 2917 South Vail Avenue, Commerce, CA 90040. Deco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies each and every allegation contained therein.

**<u>Background Facts</u>**

12. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies each and every allegation contained therein.

13. Deco admits that, according to the face of the patent, United States Patent No. D624,685 ("the '685 patent') is entitled "STREET LIGHT" and that the face of the '685 patent lists "U.S. Energy Technologies, Inc." as the Assignee. Deco further admits

that what appears to be a copy of the ‘685 patent is attached as Exhibit A to Plaintiff’s Complaint. Deco denies that the ‘685 patent is valid and enforceable. Deco denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies each and every allegation contained therein.

15. Deco denies the allegations contained in Paragraph 15 of the Complaint, except that Deco admits that what appear to be images from Deco’s online catalog appear in Exhibit B to the Complaint, but Deco lacks knowledge and information sufficient to form a belief as to the authenticity of these documents.

16. Deco denies the allegations contained in Paragraph 16 of the Complaint.

17. Deco admits that it submitted a bid pursuant to a request for quotations issued by VMEU, a New Jersey municipality. Deco further admits that it and U.S. Light were at the time of the filing of the Complaint in direct competition on other streetlight contracts. Deco denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Deco admits that Plaintiff sent a letter to Deco incorrectly claiming that Deco was infringing Plaintiff’s patent rights on or around October 19, 2010. Deco promptly responded to that letter and denied the allegations by letter of Deco’s counsel dated October 21, 2010. Deco denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies each and every allegation contained therein.

20. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentence of Paragraph 20 of the Complaint and therefore denies each and every allegation contained therein. With respect to the second sentence of Paragraph 20, Deco states that this sentence contains

allegations which are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations of this sentence are denied.

21. Deco denies the allegations contained in Paragraph 21 of the Complaint.

22. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 22 of the Complaint and therefore denies each and every allegation contained therein. Deco denies the allegations contained in the second sentence of Paragraph 22 of the Complaint.

23. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies each and every allegation contained therein. Deco states that this Paragraph also contains allegations which are conclusions of law to which no response is required. To the extent a response is deemed required, Deco denies the allegations contained in Paragraph 23 of the Complaint.

24. Deco denies the allegations contained in Paragraph 24 of the Complaint.

25. Deco denies the allegations contained in Paragraph 25 of the Complaint.

**<u>Defendant's Alleged Unlawful Conduct</u>**

26. Deco denies the allegations contained in Paragraph 26 of the Complaint.

27. Deco denies the allegations contained in Paragraph 27 of the Complaint.

**<u>Alleged Injury to Plaintiff</u>**

28. Deco admits that it is not an authorized distributor of Plaintiff's products and further admits that it is not in any other way affiliated or associated with Plaintiff. Deco denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Deco denies the allegations contained in Paragraph 29 of the Complaint.

30. Deco denies the allegations contained in Paragraph 30 of the Complaint.

31. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 31 of the Complaint and therefore denies each and every allegation contained therein. Deco denies the remaining allegations contained in Paragraph 31 of the Complaint.

**First Cause of Action – Patent Infringement of U.S. Patent No. D624,685**

32. Deco restates and incorporates its responses to Paragraphs 1 through 31 of the Complaint, as though fully set forth herein.

33. Deco denies the allegations contained in Paragraph 33 of the Complaint.

34. Deco denies the allegations contained in Paragraph 34 of the Complaint.

35. Deco denies the allegations contained in Paragraph 35 of the Complaint.

36. Deco denies the allegations contained in Paragraph 36 of the Complaint.

37. Deco denies the allegations contained in Paragraph 37 of the Complaint.

38. Deco denies the allegations contained in Paragraph 38 of the Complaint.

39. Deco denies the allegations contained in Paragraph 39 of the Complaint.

40. Deco denies the allegations contained in Paragraph 40 of the Complaint.

41. Deco denies the allegations contained in Paragraph 41 of the Complaint.

42. Deco denies the allegations contained in Paragraph 42 of the Complaint.

**Second Cause of Action – Trade Dress Infringement**

43. Deco restates and incorporates its responses to Paragraphs 1 through 42 of the Complaint, as though fully set forth herein.

44. Deco denies the allegations contained in Paragraph 44 of the Complaint.

45. Deco denies the allegations contained in Paragraph 45 of the Complaint.

46. Deco denies the allegations contained in Paragraph 46 of the Complaint.

47. Deco denies the allegations contained in Paragraph 47 of the Complaint.

48. Deco denies the allegations contained in Paragraph 48 of the Complaint.

49. Deco denies the allegations contained in Paragraph 49 of the Complaint.

**Third Cause of Action – Unfair Competition**

50. Deco restates and incorporates its responses to Paragraphs 1 through 49 of the Complaint, as though fully set forth herein.

51. Deco denies the allegations contained in Paragraph 51 of the Complaint.

52. Deco denies the allegations contained in Paragraph 52 of the Complaint.

53. Deco denies the allegations contained in Paragraph 53 of the Complaint.

**Response to Prayer for Relief**

Deco denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '685 patent. Deco further denies that Plaintiff is entitled to any of the relief it requests in paragraphs A. through G. of its Prayer for Relief, or any other relief of any kind.

**Jury Demand**

Deco admits that Plaintiff has demanded a jury trial.

## AFFIRMATIVE DEFENSES

In addition to the defenses described below, Deco expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Non-Infringement)

Deco has not and does not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '685 patent.

### THIRD AFFIRMATIVE DEFENSE

(Invalidity)

One or more of the claims of the '685 patent is invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. §101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver, Laches, Estoppel)

U.S. Light's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

(Marking and Notice)

To the extent that Plaintiff or its predecessors-in-interest or its licensees in, to, or under the ‘685 patent failed to properly mark any of the relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Deco’s actions allegedly infringed the ‘685 patent, Deco is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the ‘685 patent.

**SIXTH AFFIRMATIVE DEFENSE**

(Inequitable Conduct)

The ‘685 patent in unenforceable because of Plaintiff’s, the alleged inventor’s and/or their affiliates’ inequitable conduct and unclean hands in the filing and prosecution of the application that led to issuance of this patent. On information and belief, in the filing and prosecution of this application, Plaintiff and/or its affiliates, with an intent to deceive the U.S. Patent and Trademark Office (“PTO”) and its Patent Examiners, intentionally withheld and misrepresented information material to the patentability of this patent application.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps to mitigate the damages it allegedly suffered as a result of the actions alleged in the Complaint and any award against Deco must be reduced by the amount of alleged damages Plaintiff would have avoided had it taken reasonable steps to mitigate its damages.

**EIGTH AFFIRMATIVE DEFENSE**

(Unascertainable Damages)

The damages allegedly suffered by Plaintiff are not reasonably calculable or ascertainable.

## NINTH AFFIRMATIVE DEFENSE

(Fair Use)

To the extent that the design of any of Deco's lights is deemed to be similar in any way to any of Plaintiff's designs and/or allegedly protectable trade dress, Deco's design constituted fair use.

## TENTH AFFIRMATIVE DEFENSE

(No Immediate and Irreparable Harm)

Plaintiff is not entitled to preliminary or permanent injunctive relief in connection with the '685 patent because there exists no immediate and irreparable harm.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Deco Lighting, Inc. ("Deco" or "Counterclaim-Plaintiff") alleges the following counterclaims against Plaintiff and Counterclaim-Defendant U.S. Energy Technologies, Inc. dba U.S. Lighting Tech ("U.S. Light" or "Counterclaim-Defendant"):

## THE PARTIES

1. Deco is a corporation organized and existing under the laws of the State of California with its principal place of business at 2917 South Vail Avenue, Commerce, CA 90040.

2. Upon information and belief, and as alleged in Paragraph 9 of the Complaint, Counterclaim-Defendant U.S. Light is a California corporation with is principal place of business at 14370 Myford Road, Suite 100, Irvine, CA 92606.

## JURISDICTION AND VENUE

3. Subject to Deco's affirmative defenses and denials, this Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4. U.S. Light has submitted to the personal jurisdiction of this Court by filing its Complaint against Deco.

5. Venue is appropriate because U.S. Light has consented to the propriety of venue in this Court by filing the present action for patent infringement in this Court, in response to which these counterclaims are asserted. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND FACTS

6. Upon information and belief and based upon the copy of the ‘685 patent attached to U.S. Light’s Complaint, on December 15, 2009, purported inventors Richard K. Ham, Kyungfan Moon and Byung Il Haru, with U.S. Energy Technologies, Inc. as the Assignee, filed an application for the ‘685 patent. The ‘685 patent was issued on September 28, 2010 according to this same document.

7. Deco is informed and believes and on that basis alleges that during the application process for the ‘685 patent, U.S. Light and/or its employees or affiliates, intentionally failed to disclose to the United States Patent and Trademark Office (“USPTO”) material prior art of which U.S. Light was aware. Specifically, U.S. Light and/or its affiliates failed to disclose that U.S. Light had been offering for sale an identical or nearly identical street light design to the design described in the ‘685 patent prior to one year before the date of the ‘685 patent application. Deco has been informed by an individual purchaser in the lighting industry that U.S. Light’s Jersey series of street lights were being offered for sale by U.S. Light as early as February of 2008.

8. On information and belief, U.S. Light was in possession and aware of this prior art and intentionally omitted the prior art from its application in order to procure the ‘685 patent.

9. The failure to disclose this prior art was a violation of U.S. Light’s statutory duties of candor and good faith to the USPTO.

10. This withheld information was material to the USPTO in determining whether to grant the patent under 35 U.S.C. §§ 102 and 103 because, among other

things, it showed that the claimed invention was on sale in the United States more than one year prior to the application for the patent. According to the face of Exhibit A to U.S. Light's Complaint, the application for the '685 patent was filed on December 15, 2009.

11. Upon information and belief, the '685 patent was issued as a result of the intentional and misleading conduct by U.S. Light.

**The San Diego Street Light Conversion Project**

12. On or about December 17, 2010, bids were requested for a large lighting project to be undertaken by the municipality of San Diego, the San Diego Street Light Conversion Project ("San Diego Project"). The request specifically was meant to attract bids from companies utilizing environmentally friendly lighting designs and technology.

13. Deco specializes in the production of energy efficient and environmentally friendly lights. U.S. Light is a competitor in the market relevant to this Complaint and Counterclaim, to wit, the market for street lights.

14. Bids for the San Diego Project were submitted from general contractors, which were meant to include information from each general contractors' supplier who would be providing the lights for the project. The deadline for bids was initially set for on or about January 6, 2011, but was subsequently extended a number of times. The final deadline set for bids was March 10, 2011.

15. The San Diego Project was one of the largest lighting projects planned nationally for the year. The bid process for the San Diego Project was especially thorough, both because of the size of the project, and also because of the special energy efficiency and environmental standards that the project endeavored to meet. General contractors submitting bids had to put together elaborate proposals, which involved a significant amount of back-and-forth planning and meetings with prospective suppliers who had to submit detailed price quotations as part of the general contractors' bid. The value of the project for the lighting suppliers alone was around $10 million dollars.

16. Both U.S. Light and Deco were among the limited number of lighting companies competing to provide price quotations for their lights to be included in the general contractors' bids. The general contractors developed relationships with suppliers over the course of several months, working together with the lighting suppliers to prepare detailed portfolio bids for the San Diego Project.

17. Several contractors submitting bids for the San Diego Project chose Deco to provide the lights for their portfolio bids based on Deco's excellent reputation in the industry and the known quality of Deco's products. Deco is informed and believes that five general contractors ultimately submitted bids for the San Diego Project. Of those five general contractors, four worked with Deco as their preferred supplier and each of these four general contractors were preparing bids using Deco's lights. Rather than competing on the merits of its products, U.S. Light began a course of conduct to interfere with Deco's prospective economic advantage by way of this frivolous lawsuit.

**COUNTERCLAIM-DEFENDANT U.S. LIGHT'S UNLAWFUL CONDUCT**

18. At the time of providing the bids for the San Diego Project, U.S. Light knew of the existence of the '685 patent, which was, according to the face of the patent, granted on September 28, 2010. Moreover, U.S. Light knew that the '685 patent had been improperly obtained and was subject to invalidation.

19. Merely days before the bids were due for the San Diego Project, U.S. Light began its efforts to harm Deco, in an attempt to unfairly prevent Deco from being a part of the winning bid for the San Diego Project. U.S. Light knew that Deco had built relationships with several of the general contractors bidding on the San Diego Project.

20. U.S. Light filed suit against Deco on March 1, 2011, alleging claims for infringement of the '685 patent, trade dress infringement and unfair competition under California's Business and Professions Code §17200. On information and belief, U.S. Light had known for months about Deco's Anaconda Induction Cobrahead light design but waited until the last minute to file suit in order to disrupt Deco's relationship with contractors in the industry.

21. After filing the frivolous lawsuit, U.S. Light proceeded to issue a press release regarding the lawsuit on or about March 7, 2011. This press release falsely claimed that Deco's Induction Cobrahead light infringes on the '685 patent and US Light's Jersey Series of Street Lights.

22. U.S. Light knew that the bid form for the San Diego Project included a qualification which required the design builder to provide a notarized document indicating that the products supplied were not named in any intellectual property dispute.

23. With the express intention of interrupting Deco's economic relationships and ruining Deco's chances of winning the bid for the San Diego Project, U.S. Light filed the Complaint and issued the subsequent press release. U.S. Light knew that the general contractors submitting bids would be forced to abandon Deco if they desired to win the bid for the San Diego Project.

**INJURY TO COUNTERCLAIM-PLAINTIFF DECO**

24. Subsequent to U.S. Light's dissemination of the aforementioned press release, all of the general contractors were forced to drop Deco from their bid. One of the general contractors forced to drop Deco was Southern Contracting, a company that had been working closely with Deco and viewed Deco as its preferred provider. Southern Contracting subsequently won the bid and will be the general contractor on the San Diego Project.

25. As a direct result of U.S. Light's tortious and unlawful conduct, Deco was eliminated from consideration for a contract that was worth almost $10 million dollars for Deco. Deco has lost and continues to lose sales of its induction lighting products because of U.S. Light's tortious conduct.

**COUNTERCLAIM ONE**
**(Declaratory Relief Regarding Non-Infringement)**

26. Deco repeats, realleges, and incorporates by reference, as though fully set forth herein, all the preceding paragraphs.

27. U.S. Light claims to be the owner of the '685 patent.

28. U.S. Light has sued Deco in the present action, alleging willful infringement of the '685 patent. Deco has denied this allegation. Thus, an actual controversy exists between U.S. Light and Deco with respect to the alleged infringement, invalidity and unenforceability of the '685 patent.

29. Deco is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '685 patent.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Deco requests a declaration from the Court that Deco has not infringed any valid claim of the '685 patent, either directly or indirectly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

**COUNTERCLAIM TWO**
**(Declaratory Relief Regarding Invalidity)**

31. Deco repeats, realleges, and incorporates by reference, as though fully set forth herein, all the preceding paragraphs.

32. U.S. Light has charged Deco with willfully infringing the '685 patent. Deco has denied this allegation. Thus, an actual controversy exists between U.S. Light and Deco with respect to the alleged infringement, invalidity and unenforceability of the '685 patent.

33. Upon information and belief, the '685 patent is invalid because if fails to satisfy one or more the legal conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and 112.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Deco requests a declaration from the Court that the '685 patent is invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

35. On information and belief, U.S. Light has filed this action without a good faith basis, making this an exceptional case. Consequently, U.S. Light is liable for all attorneys' fees, expenses and costs incurred by Deco in connection with this action by U.S. Light.

**COUNTERCLAIM THREE**
**(Intentional Interference with Prospective Economic Advantage under California Common Law)**

36. Deco repeats and realleges every allegation set forth above.

37. U.S. Light has engaged in wrongful conduct that has resulted in interrupting Deco's economic relationship with certain distributors, contractors, manufacturers and customers that participate in the relevant market for street lights, including but not limited to Southern Contracting, Facility Solutions Group, and Ace Electric ("Deco's Business Partners").

38. Prior to U.S. Light's interference, Deco's business dealings with Deco's Business Partners had a high probability of future economic benefit to Deco, including, but not limited to the San Diego Project, as well as adding important distribution and sales channels for increasing Deco's sales of streetlights throughout the nation.

39. U.S. Light was at all relevant times aware of the prospective economic relationships between Deco and Deco's Business Partners.

40. U.S. Light intended to interfere with Deco's prospective economic business relationships by disseminating false and misleading statements to Deco's Business Partners and their customers which alleged that purchasing street lights from Deco may result in liability and would likely result in losing a bid for a substantial lighting project. The acts of interference include but are not limited to (a) the filing of a frivolous lawsuit alleging patent infringement, trade dress infringement, and unfair competition, and (b) the dissemination of a press release regarding this lawsuit which specifically named Deco, and asserted that Deco "infringes" on the '685 patent. U.S. Light knew that the '685 patent had been improperly obtained and was subject to invalidity based on prior

art that U.S. Light itself offered for sale. Moreover, on information and belief, U.S. Light knew that Deco's Cobrahead did not infringe on any valid, protectable trade dress of U.S. Light. As a result of U.S. Light's last-minute lawsuit and dissemination of the press release regarding the lawsuit, Deco lost opportunities to sell millions of dollars of lighting products including, but not limited to, the San Diego Project.

41. In the days following the filing of the lawsuit, representatives of at least three general contractors submitting bids for the San Diego Project contacted Deco to inquire about the lawsuit that U.S. Light filed. On Wednesday, March 9, 2011, just one day before the final bids were due, representatives of both Southern Contracting and Ace Electric informed Deco that they would not include Deco's lights in their final bids because of the risks associated with proceeding with Deco, in light of the U.S. Light lawsuit. As previously mentioned, Southern Contracting subsequently won the San Diego Project bid. As a result of U.S. Light's conduct, Deco lost a contract worth almost $10 million dollars.

42. As a direct and proximate result of the actions taken by U.S. Light interfering with or disrupting Deco's prospective economic relationships with Deco's Business Partners, Deco has suffered and continues to suffer damages in an amount to be proven at trial, but at least in the amount of $10 million dollars. Deco's harm includes, but is not limited to, lost profits and damages caused by disruption of the economic relationship between Deco and Deco's Business Partners.

43. As a direct and proximate result of the actions taken by U.S. Light in interfering with or disrupting Deco's prospective economic relationships with Deco's Business Partners, Deco also has suffered and will continue to suffer irreparable harm, including but not limited to harm to its business reputation and goodwill.

44. Deco is informed and believes and on that basis alleges that U.S. Light will continue its wrongful actions, and unless restrained and enjoined, will continue to do so. Deco's remedy at law is not by itself adequate to compensate Deco for the harm caused

by U.S. Light. Deco therefore is entitled to preliminary and permanent injunctive relief whereby U.S. Light is ordered to cease the wrongful interruptions.

**COUNTERCLAIM FOUR**
**(Negligent Interference with Prospective Economic Advantage under California Common Law)**

45. Deco repeats and realleges every allegation set forth above.

46. Deco is informed and believes and on that basis alleges that U.S. Light's false and misleading representations disseminated to Deco's Business Partners as described above were a substantial factor in causing Deco to lose its prospective economic advantage with these parties.

47. In making the false and misleading statements contained in the baseless lawsuit filed against Deco, as well as the press release regarding the lawsuit, U.S. Light failed to act with reasonable care. At the time these statements were made, U.S. Light was aware that the statements were false and misleading given its knowledge of prior art (i.e. U.S. Light's own products offered for sale prior to the statutorily prescribed one-year period), and its knowledge that the '685 patent is invalid, unenforceable and improperly procured. It was reasonably foreseeable that these statements would disrupt Deco's prospective economic relationships with its Business Partners.

48. As a direct and proximate result of the actions taken by U.S. Light in interfering with or disrupting Deco's prospective economic relationships with Deco's Business Partners, Deco has suffered and continues to suffer damages in an amount to be proven at trial. Deco's harm includes, but is not limited to, lost profits and damages caused by disruption of the economic relationship between Deco and Deco's Business Partners, in an amount of at least $10 million dollars.

**COUNTERCLAIM FIVE**
**(Unfair Competition in Violation of California Bus. & Prof. Code §17200, et seq.)**

49. Deco repeats and realleges every allegation set forth above.

50. By and through U.S. Light's conduct, including the actions alleged above, U.S. Light has engaged in activities that constitute unfair, unlawful, and fraudulent business practices prohibited by the California Business and Professions Code §17200, *et seq*.

51. In addition to the conduct described above, U.S. Light made false and misleading statements to Deco's Business Partners and others as further described above (including members of the larger business community and the general public who received U.S. Light's press release regarding its frivolous lawsuit against Deco) to mislead the public regarding the characteristics of the street lights made by Deco.

52. Consumers in the relevant market for street lights were actually misled by the false and misleading statements made by U.S. Light. U.S. Light's misleading statements were material in that they influenced the decisions of the general contractors, distributors and consumers in the relevant market.

53. As a result of these statements, a large segment of the buyers or potential buyers of streetlights were deceived into believing that they could not purchase, use or sell Induction Cobrahead lights from Deco.

54. As a direct and proximate result of U.S. Light's actions in violation of California Business and Professions Code §17200, U.S. Light has been unjustly enriched at the expense of Deco and others in the relevant market.

55. Deco has suffered injury in fact and has lost, among other things, the San Diego Project which was a roughly $10 million contract that Deco's previous Business Partner, Southern Contracting, actually is performing without Deco. Deco has also lost other sales, customers, and market share in the relevant market for street lights.

56. U.S. Light's unfair competition has also caused an adverse impact on competition, including limitation of supply and increased price of street lights in the relevant market.

57. Deco is informed and believes and on that basis alleges that U.S. Light will continue its wrongful actions, unless restrained and enjoined. As a result of U.S.

Light's acts of unfair competition, Deco has suffered and will continue to suffer irreparable harm, including but not limited to harm to business reputation, goodwill, and Deco has no adequate remedy at law for this injury.

58. Pursuant to California Business and Professions Code §17203, Deco is entitled to preliminary and permanent injunctive relief, whereby U.S. Light is ordered to cease this unfair competition, as well as to pay restitution to Deco for damage resulting from U.S. Light's unfair competition.

59. Deco brings this action to enforce an important right affecting the public interest and therefore should be awarded costs and expenses incurred in the filing and prosecution of this Counterclaim action and attorneys' fees under California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

Wherefore, Deco respectfully requests that the Court enter judgment in its favor and against U.S. Light as follows:

A. That the Complaint be dismissed with prejudice;

B. That U.S. Light take nothing by reason of this lawsuit;

C. That the Court find that Deco does not infringe any valid, enforceable claim of the '685 patent;

D. That the Court find that the '685 patent is invalid and/or void;

E. That the Court find that the '685 patent is unenforceable;

F. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, the Court find that U.S. Light's conduct in commencing and pursuing this action renders this an exceptional case and that Deco be awarded its attorneys' fees, expenses and costs incurred in connection with this action;

G. That the Court find that Deco is entitled to damages for intentional interference with prospective economic advantage by U.S. Light in an amount to be determined at trial, but no less than $10 million dollars, and to preliminary and permanent injunctive relief;

H. That the Court find that Deco is entitled to damages for negligent interference with prospective economic advantage by U.S. Light in an amount to be determined at trial, but no less than $10 million dollars, and to preliminary and permanent injunctive relief;

I. That U.S. Light be preliminarily and permanently enjoined from engaging in the acts of unfair business practices described above, and that Deco be awarded restitution as well as reasonable attorneys' fees under California Code of Civil Procedure § 1021.5;

J. That Deco be awarded such other and further relief as the Court may deem just and proper.

Dated: April 15, 2011
Los Angeles, CA

Respectfully submitted:

**OMNI LEGAL GROUP**

By:______________________

Omid E. Khalifeh, Esq.
CA Bar No. 267340
640 S. San Vicente Blvd. Suite 215
Los Angeles, California 90048
Telephone: (310) 276- 6664
Facsimile: (310) 305-1550

*Attorneys for Defendant and Counterclaim-Plaintiff Deco Lighting, Inc.*

## Demand for Jury Trial

Defendant and Counterclaim-Plaintiff Deco hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit triable to a jury.

Dated: April 15, 2011
Los Angeles, CA

Respectfully submitted:

**OMNI LEGAL GROUP**

By:______________________

Omid E. Khalifeh, Esq.
CA Bar No. 267340
640 S. San Vicente Blvd. Suite 215
Los Angeles, California 90048
Telephone: (310) 276- 6664
Facsimile: (310) 305-1550

*Attorneys for Defendant and Counterclaim-Plaintiff Deco Lighting, Inc.*

## PROOF OF SERVICE

This is to certify that a copy of the foregoing document: **DEFENDANT DECO LIGHTING, INC.'S ANSWER AND COUNTERCLAIMS TO U.S. ENERGY TECHNOLOGIES, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION** was served on counsel as indicated below by CM/ECF:

**Daniel Miles Cislo**
**David B. Sandelands, Jr.**
Cislo and Thomas LLP
1333 2nd Street Suite 500
Santa Monica, CA 90401
310-451-0647
Fax: 310-394-4477
Email: dancislo@cislo.com
dsandelands@cislo.com

I also served a copy of the foregoing document by depositing same with the U.S. Postal Service on this same day with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on April 15, 2011.

Omid E. Khalifeh