Nathaniel L. Dilger (Bar No. 196203)
Email: ndilger@onellp.com
Marc S. Williams (Bar No. 198913)
Email: mwilliams@onellp.com
John Tehranian, Esq. (Bar No. 211616)
Email: jtehranian@onellp.com
ONE LLP
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Omid E. Khalifeh (Bar No. 267340)
Email: omid@omnilegalgroup.com
OMNI LEGAL GROUP
640 S. San Vicente Blvd. Suite 215
Los Angeles, California 90048
Telephone: (310) 276- 6664
Facsimile: (310) 305-1550

Attorneys for Defendant and Counterclaimant,
DECO LIGHTING, INC.

FILED
2011 MAY 27 PM 3:02
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. ENERGY TECHNOLOGIES, INC. (dba U.S. Lighting Tech.), a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DECO LIGHTING, INC., an entity of unknown status, residing in California, and DOES 1 through 9, inclusive, | Case No. SACV 11-329 JST (RNBx)<br><br>Hon. Josephine Staton Tucker<br><br>**DECO LIGHTING, INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS TO U.S. ENERGY TECHNOLOGIES, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION** |

| | |
|---|---|
| Defendants. | **DEMAND FOR JURY TRIAL**<br><br>Discovery Cutoff: Not Set<br>Final Pretrial Conf.: Not Set<br>Trial Date: Not Set<br><br>Complaint filed March 1, 2011 |
| DECO LIGHTING, INC., a California Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>U.S. ENERGY TECHNOLOGIES, INC. (dba U.S. Lighting Tech.), a California Corporation, and DOES 1 through 9, inclusive,<br><br>Counterdefendants. | |

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Defendant Deco Lighting, Inc. ("Deco" or "Defendant") hereby files this First Amended Answer and Counterclaims to the Complaint filed by Plaintiff U.S. Energy Technologies, Inc. dba U.S. Lighting Tech ("U.S. Light" or "Plaintiff"). Deco denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.

# I. ANSWER

## Jurisdiction and Venue

1. Deco admits that the Complaint purports to set forth causes of action for patent infringement, trade dress infringement, and unfair competition arising under federal and state law, but denies that U.S. Light's claims have any factual or legal basis.

2. Deco admits that Plaintiff purports to seek injunctive relief and defendant's profits pursuant to 35 U.S.C. §289 against Deco. Deco denies all other allegations contained in paragraph 2 of the Complaint.

3. Deco admits that Plaintiff purports to seek injunctive relief against Deco for trade dress infringement, but denies that U.S. Light's claims with regard to trade dress infringement have any factual or legal basis. Deco denies all other allegations contained in paragraph 3 of the Complaint.

4. Deco admits that Plaintiff purports to seek injunctive relief against Deco for alleged unfair competition under California state and common law, but denies that U.S. Light's claims with regard to unfair competition under California state and common law have any factual or legal basis. Deco denies all other allegations contained in paragraph 4 of the Complaint.

5. Deco denies each and every allegation contained in paragraph 5 of the Complaint.

6. Deco admits that the Complaint purports to set forth a cause of action that arises under the patent laws of the United States, 35 US.C. §§ 1, *et seq.*, but denies that U.S. Light's claims have any factual or legal basis. Deco admits that the Complaint purports to set forth a cause of action for trade dress infringement that arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, but denies that U.S. Light's claims have any factual or legal basis. Deco admits that the Complaint purports to set forth a cause of action for unfair competition that arises under California Business and Professions Code §17200, but denies that U.S. Light's claims have any factual or legal basis.

7. Deco admits that this Court currently has subject matter jurisdiction over the federal claims in this action under 28 U.S.C. §§1331, 1338 inasmuch as the Complaint purports to state claims for patent infringement arising under 35 U.S.C. §§ 1, *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, but denies any wrongdoing or infringement. Deco admits that this Court currently has supplemental jurisdiction over the state law claims against Deco pursuant to 28 U.S.C. § 1367, but denies that Plaintiff has any valid claim against Deco. To the extent that the federal claims are dismissed at an early stage of this

litigation, Deco denies that the Court can retain supplemental jurisdiction over the Complaint's remaining state law claim.

8. Deco admits that venue is proper in this Court. Deco denies all other allegations contained in paragraph 8 of the Complaint.

**The Parties**

9. Deco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Deco admits that it is a corporation maintaining a principal place of business at 2917 South Vail Avenue, Commerce, CA 90040. Deco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies each and every allegation contained therein.

**Background Facts**

12. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies each and every allegation contained therein.

13. Deco admits that, according to the face of the patent, United States Patent No. D624,685 ("the '685 patent') is entitled "STREET LIGHT" and that the face of the '685 patent lists "U.S. Energy Technologies, Inc." as the Assignee. Deco further admits that what appears to be a copy of the '685 patent is attached as Exhibit A to Plaintiff's Complaint. Deco denies that the '685 patent is valid and enforceable. Deco denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies each and every allegation contained therein.

15. Deco denies the allegations contained in Paragraph 15 of the Complaint, except that Deco admits that what appear to be images from Deco's online catalog appear in Exhibit B to the Complaint, but Deco lacks knowledge and information sufficient to form a belief as to the authenticity of these documents.

16. Deco denies the allegations contained in Paragraph 16 of the Complaint.

17. Deco admits that it submitted a bid pursuant to a request for quotations issued by VMEU, a New Jersey municipality. Deco further admits that it and U.S. Light were at the time of the filing of the Complaint in direct competition on other streetlight contracts. Deco denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Deco admits that Plaintiff sent a letter to Deco incorrectly claiming that Deco was infringing Plaintiff's patent rights on or around October 19, 2010. Deco promptly responded to that letter and denied the allegations by letter of Deco's counsel dated October 21, 2010. Deco denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies each and every allegation contained therein.

20. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentence of Paragraph 20 of the Complaint and therefore denies each and every allegation contained therein. With respect to the second sentence of Paragraph 20, Deco states that this sentence contains allegations which are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations of this sentence are denied.

21. Deco denies the allegations contained in Paragraph 21 of the Complaint.

22. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 22 of the Complaint and therefore denies each and every allegation contained therein. Deco denies the allegations contained in the second sentence of Paragraph 22 of the Complaint.

23. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies each and every allegation contained therein. Deco states that this Paragraph also contains allegations which are conclusions of law to which no response is required. To the extent a response is deemed required, Deco denies the allegations contained in Paragraph 23 of the Complaint.

24. Deco denies the allegations contained in Paragraph 24 of the Complaint.

25. Deco denies the allegations contained in Paragraph 25 of the Complaint.

**Defendant's Alleged Unlawful Conduct**

26. Deco denies the allegations contained in Paragraph 26 of the Complaint.

27. Deco denies the allegations contained in Paragraph 27 of the Complaint.

**Alleged Injury to Plaintiff**

28. Deco admits that it is not an authorized distributor of Plaintiff's products and further admits that it is not in any other way affiliated or associated with Plaintiff. Deco denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Deco denies the allegations contained in Paragraph 29 of the Complaint.

30. Deco denies the allegations contained in Paragraph 30 of the Complaint.

31. Deco lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 31 of the Complaint and therefore denies each and every allegation contained therein. Deco denies the remaining allegations contained in Paragraph 31 of the Complaint.

**First Cause of Action – Patent Infringement of U.S. Patent No. D624,685**

32. Deco restates and incorporates its responses to Paragraphs 1 through 31 of the Complaint, as though fully set forth herein.

33. Deco denies the allegations contained in Paragraph 33 of the Complaint.

34. Deco denies the allegations contained in Paragraph 34 of the Complaint.

35. Deco denies the allegations contained in Paragraph 35 of the Complaint.

36. Deco denies the allegations contained in Paragraph 36 of the Complaint.

37. Deco denies the allegations contained in Paragraph 37 of the Complaint.

38. Deco denies the allegations contained in Paragraph 38 of the Complaint.

39. Deco denies the allegations contained in Paragraph 39 of the Complaint.

40. Deco denies the allegations contained in Paragraph 40 of the Complaint.

41. Deco denies the allegations contained in Paragraph 41 of the Complaint.

42. Deco denies the allegations contained in Paragraph 42 of the Complaint.

**Second Cause of Action – Trade Dress Infringement**

43. Deco restates and incorporates its responses to Paragraphs 1 through 42 of the Complaint, as though fully set forth herein.

44. Deco denies the allegations contained in Paragraph 44 of the Complaint.

45. Deco denies the allegations contained in Paragraph 45 of the Complaint.

46. Deco denies the allegations contained in Paragraph 46 of the Complaint.

47. Deco denies the allegations contained in Paragraph 47 of the Complaint.

48. Deco denies the allegations contained in Paragraph 48 of the Complaint.

49. Deco denies the allegations contained in Paragraph 49 of the Complaint.

**Third Cause of Action – Unfair Competition**

50. Deco restates and incorporates its responses to Paragraphs 1 through 49 of the Complaint, as though fully set forth herein.

51. Deco denies the allegations contained in Paragraph 51 of the Complaint.

52. Deco denies the allegations contained in Paragraph 52 of the Complaint.

53. Deco denies the allegations contained in Paragraph 53 of the Complaint.

**Response to Prayer for Relief**

Deco denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '685 patent. Deco further denies that Plaintiff is entitled to any of the relief it requests in paragraphs A. through G. of its Prayer for Relief, or any other relief of any kind.

**Jury Demand**

Deco admits that Plaintiff has demanded a jury trial.

## II. DEFENDANT'S DEFENSES

Defendant asserts the following affirmative and other defenses and reserves the right to amend this pleading to allege additional defenses as they become known through the course of discovery.

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-infringement of the Patent-in-Suit)

Deco did not engage in, and Plaintiff cannot prove, the alleged infringement of the '685 patent. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

**THIRD DEFENSE**

**(No Inducing Infringement of the Patent-in-Suit)**

Deco did not induce infringement of, and Plaintiff cannot prove, the alleged induced infringement of the '685 patent. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

**FOURTH DEFENSE**

**(No Contributory Infringement of the Patent-in-Suit)**

Deco did not contribute to the infringement of, and Plaintiff cannot prove, the alleged contributory infringement of the '685 patent. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

**FIFTH DEFENSE**

**(No Willful Infringement of the Patent-in-Suit)**

Deco did not willfully infringe, and Plaintiff cannot prove, the alleged willful infringement of the '685 patent. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

**SIXTH DEFENSE**

**(Invalidity)**

The '685 patent is invalid on the ground of failure to comply with one or more of the conditions for patentability as set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

/ / /

/ / /

/ / /

## SEVENTH DEFENSE

## (Waiver, Laches, Estoppel)

U.S. Light's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

## EIGHTH DEFENSE

## (Marking and Notice)

To the extent that Plaintiff or its predecessors-in-interest or its licensees in, to, or under the '685 patent failed to properly mark any of the relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Deco's actions allegedly infringed the '685 patent, Deco is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '685 patent. On information and belief, the Plaintiff's product in suit was not marked as required under 35 U.S.C. § 287. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

## NINTH DEFENSE

## (Inequitable Conduct)

The '685 patent in unenforceable because of Plaintiff's, the alleged inventor's and/or their affiliates' inequitable conduct and unclean hands in the filing and prosecution of the application that led to issuance of this patent. On information and belief, in the filing and prosecution of this application, Plaintiff and/or its affiliates, with an intent to deceive the U.S. Patent and Trademark Office ("PTO") and its Patent Examiners, intentionally withheld and misrepresented information material to the patentability of this patent application. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

**TENTH DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff failed to take reasonable steps to mitigate the damages it allegedly suffered as a result of the actions alleged in the Complaint and any award against Deco must be reduced by the amount of alleged damages Plaintiff would have avoided had it taken reasonable steps to mitigate its damages. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

**ELEVENTH DEFENSE**

**(Unascertainable Damages)**

The damages allegedly suffered by Plaintiff are not reasonably calculable or ascertainable. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

**TWELFTH DEFENSE**

**(Fair Use)**

To the extent that the design of any of Deco's lights is deemed to be similar in any way to any of Plaintiff's designs and/or allegedly protectable trade dress, Deco's design constituted fair use. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

**THIRTEENTH DEFENSE**

**(No Immediate and Irreparable Harm)**

Plaintiff is not entitled to preliminary or permanent injunctive relief in connection with the '685 patent because there exists no immediate and irreparable harm. Deco incorporates by reference into this affirmative defense the allegations set forth in its Counterclaims below.

## III. COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Deco Lighting, Inc. ("Deco" or "Counterclaimant") alleges the following counterclaims against Plaintiff and Counterdefendant U.S. Energy Technologies, Inc. dba U.S. Lighting Tech ("U.S. Light" or "Counterdefendant"):

### THE PARTIES

1. Deco is a corporation organized and existing under the laws of the State of California with its principal place of business at 2917 South Vail Avenue, Commerce, CA 90040.

2. Upon information and belief, and as alleged in Paragraph 9 of the Complaint, Counterdefendant U.S. Light is a California corporation with is principal place of business at 14370 Myford Road, Suite 100, Irvine, CA 92606.

### JURISDICTION AND VENUE

3. The following are declaratory judgment counterclaims. Subject to Deco's affirmative defenses and denials, this Court has jurisdiction over these declaratory judgment counterclaims under the patent laws of the United States, 35 U.S.C. §§1 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 1338(a).

4. U.S. Light has voluntarily submitted to the personal jurisdiction of this Court by filing its Complaint against Deco.

5. Venue is appropriate because U.S. Light has consented to the propriety of venue in this Court by filing the present action for patent infringement in this Court, in response to which these counterclaims are asserted. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND FACTS

6. By its Complaint in this lawsuit, Plaintiff has alleged that it is the owner of the '685 patent, that the '685 patent is valid and enforceable, and that Deco has infringed and continues to infringe the '685 patent. Plaintiff has also alleged that Deco has committed acts of indirect infringement by inducing others to infringe the '685 patent.

7. Deco denies that any of its products infringe or has infringed any claim of the '685 patent directly, indirectly, contributorily, or otherwise, and contends that the '685 patent is invalid for failure to comply with the patent laws of the United States, including but not limited to, the conditions for patentability set forth in 35 U.S.C. §§101, 102, 103 and 112. For these reasons, an actual controversy within this Court's jurisdiction exists under 28 U.S.C. §2201.

8. As set forth in the Complaint and in this pleading, a justiciable controversy has arisen and exists between Deco and Plaintiff concerning the validity and scope of the '685 patent and Deco's liability for any alleged infringement of the '685 patent.

9. Upon information and belief and based upon the copy of the '685 patent attached to U.S. Light's Complaint, on December 15, 2009, purported inventors Richard K. Ham, Kyungfan Moon and Byung Il Haru, with U.S. Energy Technologies, Inc. as the Assignee, filed an application for the '685 patent. The '685 patent was issued on September 28, 2010 according to this same document.

10. Deco is informed and believes and on that basis alleges that during the application process for the '685 patent, U.S. Light and/or its employees or affiliates, intentionally failed to disclose to the United States Patent and Trademark Office ("USPTO") material prior art of which U.S. Light was aware. Specifically, U.S. Light and/or its affiliates failed to disclose that U.S. Light had been offering for sale an identical or nearly identical street light design to the design described in the '685 patent prior to one year before the date of the '685 patent application. Deco has been informed by an individual purchaser in the lighting industry that U.S. Light's Jersey series of street lights

were being offered for sale by U.S. Light as early as February of 2008. Individuals at U.S. Light withheld this information from the USPTO with the specific intent of deceiving the Examiner into issuing a patent on its Jersey series of street lights, despite that these lights were being offered for sale more than a year prior to the filing of the '685 patent application.

11. On information and belief, individuals at U.S. Light wassubject to the duty of candor to the USPTO were in possession and aware of this prior art and intentionally omitted the prior art from its application in order to procure the '685 patent. These individuals withheld information regarding the invalidating sales of the Jersey series of street lights specifically intending to deceive the examiner into issuing the '685 patent. These individuals include at least one or more of the named inventors of the '685 patent, *i.e.*, Richard K. Ham, Kyungfan Moon, and Byung Ham.

12. The failure to disclose this prior art was a violation of U.S. Light'sthe statutory duties of candor and good faith owed to the USPTO. This withheld information was material to the USPTO in determining whether to grant the patent under 35 U.S.C. §§ 102 and 103 because, among other things, it showed that the claimed invention was on sale in the United States more than one year prior to the application for the patent. According to the face of Exhibit A to U.S. Light's Complaint, the application for the '685 patent was filed on December 15, 2009.Upon information and belief, the '685 patent was issued as a result of the intentional and misleading conduct by U.S. Light.

13. But for this intentional and misleading conduct, the '685 patent would not have issued.

**The San Diego Street Light Conversion Project**

14. On or about December 17, 2010, bids were requested for a large lighting project to be undertaken by the municipality of San Diego, the San Diego Street Light

Conversion Project ("San Diego Project"). The request specifically was meant to attract bids from companies utilizing environmentally friendly lighting designs and technology.

15. Deco specializes in the production of energy efficient and environmentally friendly lights. U.S. Light is a competitor in the market relevant to this Complaint and Counterclaim, to wit, the market for street lights.

16. Bids for the San Diego Project were submitted from general contractors, which were meant to include information from each general contractors' supplier who would be providing the lights for the project. The deadline for bids was initially set for on or about January 6, 2011, but was subsequently extended a number of times. The final deadline set for bids was March 10, 2011.

17. The San Diego Project was one of the largest lighting projects planned nationally for the year. The bid process for the San Diego Project was especially thorough, both because of the size of the project, and also because of the special energy efficiency and environmental standards that the project endeavored to meet. General contractors submitting bids had to put together elaborate proposals, which involved a significant amount of back-and-forth planning and meetings with prospective suppliers who had to submit detailed price quotations as part of the general contractors' bid. The value of the project for the lighting suppliers alone was around $10 million dollars.

18. Both U.S. Light and Deco were among the limited number of lighting companies competing to provide price quotations for their lights to be included in the general contractors' bids. The general contractors developed relationships with suppliers over the course of several months, working together with the lighting suppliers to prepare detailed portfolio bids for the San Diego Project.

19. Several contractors submitting bids for the San Diego Project chose Deco to provide the lights for their portfolio bids based on Deco's excellent reputation in the industry and the known quality of Deco's products. Deco is informed and believes that five general contractors ultimately submitted bids for the San Diego Project. Of those five

general contractors, four worked with Deco as their preferred supplier and each of these four general contractors were preparing bids using Deco's lights. Rather than competing on the merits of its products, U.S. Light began a course of conduct to interfere with Deco's prospective economic advantage by way of this frivolous lawsuit.

20. At the time of providing the bids for the San Diego Project, U.S. Light knew of the existence of the '685 patent, which was, according to the face of the patent, granted on September 28, 2010. Moreover, U.S. Light knew that the '685 patent had been improperly obtained and was subject to invalidation.

21. Merely days before the bids were due for the San Diego Project, U.S. Light began its efforts to harm Deco, in an attempt to unfairly prevent Deco from being a part of the winning bid for the San Diego Project. U.S. Light knew that Deco had built relationships with several of the general contractors bidding on the San Diego Project.

22. U.S. Light filed suit against Deco on March 1, 2011, alleging claims for infringement of the '685 patent, trade dress infringement and unfair competition under California's Business and Professions Code §17200. On information and belief, U.S. Light had known for months about Deco's Anaconda Induction Cobrahead light design but waited until the last minute to file suit in order to disrupt Deco's relationship with contractors in the industry.

23. After filing the frivolous lawsuit, U.S. Light proceeded to issue a press release regarding the lawsuit on or about March 7, 2011. This press release falsely claimed that Deco's Induction Cobrahead light infringes on the '685 patent and US Light's Jersey Series of Street Lights.

24. U.S. Light knew that the bid form for the San Diego Project included a qualification which required the design builder to provide a notarized document indicating that the products supplied were not named in any intellectual property dispute.

25. With the express intention of interrupting Deco's economic relationships and ruining Deco's chances of winning the bid for the San Diego Project, U.S. Light filed the

Complaint and issued the subsequent press release. U.S. Light knew that the general contractors submitting bids would be forced to abandon Deco if they desired to win the bid for the San Diego Project.

26. Subsequent to U.S. Light's dissemination of the aforementioned press release, all of the general contractors were forced to drop Deco from their bid. One of the general contractors forced to drop Deco was Southern Contracting, a company that had been working closely with Deco and viewed Deco as its preferred provider. Southern Contracting subsequently won the bid and will be the general contractor on the San Diego Project.

27. As a direct result of U.S. Light's tortious and unlawful conduct, Deco was eliminated from consideration for a contract that was worth almost $10 million dollars for Deco. Deco has lost and continues to lose sales of its induction lighting products because of U.S. Light's tortious conduct.

## COUNTERCLAIM ONE

## (Declaratory Judgment of Non-Infringement)

28. Deco repeats, realleges, and incorporates by reference, as though fully set forth herein, all the preceding paragraphs.

29. U.S. Light claims to be the owner of the '685 patent.

30. U.S. Light has sued Deco in the present action, alleging willful infringement of the '685 patent. Deco has denied this allegation. Thus, an actual controversy exists between U.S. Light and Deco with respect to the alleged infringement, invalidity and unenforceability of the '685 patent.

31. Deco's activities do not and have not constituted infringement, either directly, contributorily, or by inducement of others, of any claims of the '685 patent, either literally or under the doctrine of equivalents.

32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Deco seeks declaratory judgment that it does not infringe, either directly, contributorily, or by inducement of others, any claims of the 685 patent.

## COUNTERCLAIM TWO

## (Declaratory Judgment of Invalidity)

33. Deco repeats, realleges, and incorporates by reference, as though fully set forth herein, all the preceding paragraphs.

34. U.S. Light has charged Deco with willfully infringing the '685 patent. Deco has denied this allegation. Thus, an actual controversy exists between U.S. Light and Deco with respect to the alleged infringement, invalidity and unenforceability of the '685 patent.

35. Upon information and belief, the '685 patent is invalid because if fails to satisfy one or more the legal conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and 112.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Deco seeks declaratory judgment that the '685 patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

37. On information and belief, U.S. Light has filed this action without a good faith basis, making this an exceptional case. Consequently, U.S. Light is liable for all attorneys' fees, expenses and costs incurred by Deco in connection with this action by U.S. Light.

## COUNTERCLAIM THREE

## (Declaratory Judgment of Unenforceability)

38. Deco repeats, realleges, and incorporates by reference, as though fully set forth herein, all the preceding paragraphs.

39. On information and belief, individuals subject to the duty of candor under 37 C.F.R. 1.56 ("Applicants") engaged in inequitable conduct by withholding and/or

misstating material information with intent to deceive the USPTO in connection with prosecuting the '685 patent, rendering the '685 patent unenforceable.

40. On information and belief, during prosecution of the '685 patent, Applicants were aware of prior art that they knew were material to patentability, including prior public disclosures and/or commercial activity material to patentability that they deliberately failed to properly disclose to the USPTO with intent to deceive.

41. The commercial activity described above renders the claims of the '685 patent invalid under 35 U.S.C. §§ 102 and/or 103 and was material to the patentability of the application that issued as the '685 patent. On information and belief, during prosecution of the application that issued as the '685 patent, with intent to deceive the USPTO, Applicants failed to disclose this commercial activity to the USPTO.

42. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## PRAYER FOR RELIEF

Wherefore, Deco respectfully requests that the Court enter judgment in its favor and against U.S. Light as follows:

A. That the Complaint be dismissed with prejudice;

B. That U.S. Light take nothing by reason of this lawsuit;

C. Enter judgment that Deco does not infringe, either directly, contributorily, or by inducement of others, any claims of the '685 patent;

D. Enter judgment that the claims of the '685 patent are each invalid for failing to meet one or more of the requirements for patentability, including 35 U.S.C. §§101, 102, 103, and/or 112;

E. Enter judgment that the claims of the '685 patent are unenforceable;

F. Enter judgment that this case is exceptional and award Deco its reasonable attorneys' fees, expenses and costs incurred in connection with this action pursuant to 35 U.S.C. §285; and

G. That Deco be awarded such other and further relief as the Court may deem just and proper.[1]

Dated: May 27, 2011

**ONE LLP**

By: [signature]

Marc S. Williams
Attorneys for Defendant and Counterclaimant,
DECO LIGHTING, INC.

---

[1] Deco's original Answer and Counterclaims, filed on April 18, 2011, included causes of action for intentional interference with prospective economic advantage, negligent interference with prospective economic advantage and unfair competition in violation of California Business & Professions Code §§17200, *et seq*. Deco hereby reserves the right to pursue those claims in a separate action, including but not limited to, as part of a malicious prosecution action following the conclusion of this action.

**DEMAND FOR JURY TRIAL**

Defendant and Counterclaimant Deco Lighting, Inc. hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit triable to a jury.

Dated: May 27, 2011

**ONE LLP**

By: ______________________

Marc S. Williams
Attorneys for Defendant and Counterclaimant,
DECO LIGHTING, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4000 MacArthur Boulevard, West Tower, Suite 1100, Newport Beach, California 92660.

On May 27, 2011 I served the document (s) described as **DECO LIGHTING, INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS TO U.S. ENERGY TECHNOLOGIES, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION** in this action by transmitting true copies thereof as follows:

**Daniel Miles Cislo, Esq.**
**CISLO AND THOMAS LLP**
**1333 2nd Street Suite 500**
**Santa Monica, CA 90401**

***Attorneys for Plaintiff and Counter Defendant***
***U.S. Energy Technologies, Inc.***

[ ] (BY EMAIL)

[X] (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice true copies would be enclosed in sealed envelopes and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY OVERNIGHT DELIVERY) I caused said envelope (s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee (s).

Executed on May 27, 2011 at Newport Beach, California.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of their court at whose direction the service was made.

Christy L. Price