David B. Sandelands, Esq., No. 198,252
Daniel M. Cislo, Esq., No. 125,378
CISLO & THOMAS LLP
1333 Second Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Facsimile: (310) 394-4477

Attorneys for Plaintiff U.S. Energy Technologies, Inc. (dba U.S. Lighting Tech, Inc.)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. Energy Technologies, Inc. (dba U.S. Lighting Tech.), a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Deco Lighting, Inc., an entity of unknown status, residing in California, and DOES 1 through 9, inclusive,<br><br>Defendants.<br>———<br>Deco Lighting, Inc., an entity of unknown status, residing in California,<br><br>Counterclaimant,<br><br>vs.<br><br>U.S. Energy Technologies, Inc. (dba U.S. Lighting Tech.), a California corporation,<br><br>Counter-Defendant. | CASE NO. SACV 11-329 JST(RNBx)<br><br>**PLAINTIFF'S AMENDED ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIMS** |

Plaintiff and Counter-Defendant U.S. Energy Technologies, Inc., (dba U.S. Lighting Tech, Inc.) ("U.S. Light"), hereby responds to Defendant and Counterclaimant Deco Lighting, Inc. ("Deco") as follows:

## THE PARTIES

1. US Light presently lacks sufficient information to admit or deny any of the allegations or statements in paragraph 1 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

2. US Light admits that it is a California corporation with a principle place of business at 14370 Myford Road, Suite 100, Irvine, CA 92606.

## JURISDICTION AND VENUE

3. US Light admits that Deco purports that the Court has subject matter jurisdiction of the counterclaims under 28 U.S.C. §§ 1131, 1338, 1367, 2201, and 2202.

4. US Light admits that it has submitted to the personal jurisdiction of the Court.

5. US Light admits that venue is proper in this District.

///

///

///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

**BACKGROUND FACTS**

6. US Light admits each allegation of paragraph 6 of the complaint.

7. US Light admits that Defendant purports that it does not infringe the '685 patent and contends that the '685 patent is invalid. Otherwise, Plaintiff lacks sufficient information to admit or deny any of the allegations or statements in paragraph 7 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

8. US Light admits that it has accused Deco's Anaconda product of infringing the '685 patent. US Light denies that the '685 patent is invalid. US Light contends that the scope of the '685 patent covers the accused product.

9. US Light admits that Richard K. Ham, Kyungfan Moon and Byung II Ham applied for the application which became U.S. Patent No. D624,685 ("the '685 patent") on December 15, 2009. US Light admits that the application which became the '685 patent issued as a valid and enforceable patent on September 28, 2010. US Light admits that the '685 patent has been validly assigned to US Energy Technologies, Inc. (dba US Lighting Tech, Inc.) US Light admits that the '685 patent validly issued on September 28, 2010.

10. US Light denies each and every allegation of paragraph 10 of the Counterclaims.

11. US Light denies each and every allegation of paragraph 11 of the Counterclaims.

12. US Light denies each and every allegation of paragraph 12 of the Counterclaims.

13. US Light denies each and every allegation of paragraph 13 of the Counterclaims.

**The San Diego Street Light Conversion Project**

14. US Light admits that on or about December of 2010, the City of San Diego issued a request for quotations with regard to the San Diego Streetlight Conversion Project. US Light presently lacks sufficient information to admit or deny any of the allegations or statements in paragraph 15 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

15. US Light admits that it is a competitor in the market for streetlights. Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 15 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

16. US Light presently lacks sufficient information to admit or deny any of the allegations or statements in paragraph 16 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

Cislo & Thomas LLP
Attorneys at Law
Suite 500
1333 2nd Street
Santa Monica, California 90401-1211
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

17. US Light presently lacks sufficient information to admit or deny any of the allegations or statements in paragraph 17 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

18. US Light admits that in addition to US Light and Defendant, General Electric and several other well known producers of streetlights submitted price quotations to one or more general contractors bidding on the San Diego Project. Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 18 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

19. US Light specifically denies that it began a course of conduct to interfere with Deco's prospective economic advantage. These allegations by Defendant are now moot. Defendant in its previous complaint brought counterclaims for intentional and negligent interference with contract, and unfair competition. US Light's actions were strictly privileged under the California Litigation Privilege. Therefore, US Light moved to dismiss Defendant's improper claims. In response, Defendant submitted this amended complaint that removed the offending counterclaims. Pursuant to well established Ninth Circuit case law, Defendant has now waived its intentional and negligent interference counterclaims, as well as its unfair competition counterclaim and cannot again assert these claims in this action. *See London v. Coopers & Lybrand*, 644 F2.d 811, 814 (9th Cir. 1981)(all causes of action alleged in original complaint which are not alleged in the amended complaint are waived.) Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 19 of the Counterclaims and, therefore, on that basis generally and specifically

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

denies the same.

20. US Light admits that the '685 patent was granted on September 28, 2010. US Light denies that the '685 patent was improperly obtained and denies that the patent is subject to invalidation.

21. US Light specifically denies that it engaged in any unlawful actions with regard to Deco. US Light specifically denies that it began a course of conduct to interfere with Deco's prospective economic advantage. These allegations by Defendant are now moot. Defendant in its previous complaint brought counterclaims for intentional and negligent interference with contract, and unfair competition against US Light. US Light's actions were strictly privileged under the California Litigation Privilege. Therefore, US Light moved to dismiss Defendant's improper claims. In response, Defendant submitted this amended complaint that removed the offending counterclaims. Pursuant to well established Ninth Circuit case law, Defendant has now waived its intentional and negligent interference counterclaims, as well as its unfair competition counterclaim and cannot again assert these claims in this action. *See London v. Coopers & Lybrand*, 644 F2.d 811, 814 (9th Cir. 1981)(all causes of action alleged in original complaint which are not alleged in the amended complaint are waived.) Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 19 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

22. US Light admits that it filed suit against Defendant for patent and trade dress infringement and unfair competition for the lawful purpose of stopping Deco's selling, offering for sale or use of its knockoff copies of US

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

Light's patented design. US Light admits that Deco purports that US Light's filing suit was improper. These allegations by Defendant, are, however, now moot. Defendant in its previous complaint brought counterclaims for intentional and negligent interference with contract, and unfair competition against US Light. US Light's actions were strictly privileged under the California Litigation Privilege. Therefore, US Light moved to dismiss Defendant's improper claims. In response, Defendant submitted this amended complaint that removed the offending counterclaims. Pursuant to well established Ninth Circuit case law, Defendant has now waived its intentional and negligent interference counterclaims, as well as its unfair competition counterclaim and cannot again assert these claims in this action. *See London v. Coopers & Lybrand*, 644 F2.d 811, 814 (9th Cir. 1981)(all causes of action alleged in original complaint which are not alleged in the amended complaint are waived.) Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 22 of the Counterclaims and, therefore, on that basis generally and specifically denies the same..

23. US Light admits that after filing this lawsuit it issued a true, factual and targeted press release to third parties who had in interest in the ligation. Defendant's allegations that these actions by Plaintiff were somehow improper are now moot. Defendant in its previous complaint brought counterclaims for intentional and negligent interference with contract, and unfair competition against US Light. US Light's actions were strictly privileged under the California Litigation Privilege. Therefore, US Light moved to dismiss Defendant's improper claims. In response, Defendant submitted this amended complaint that removed the offending counterclaims. Pursuant to well established Ninth Circuit case law, Defendant has now

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

waived its intentional and negligent interference counterclaims, as well as its unfair competition counterclaim and cannot again assert these claims in this action. *See London v. Coopers & Lybrand*, 644 F2.d 811, 814 (9th Cir. 1981)(all causes of action alleged in original complaint which are not alleged in the amended complaint are waived.) Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 23 of the Counterclaims and, therefore, on that basis generally and specifically denies the same..

24. US Light presently lacks sufficient information to admit or deny any of the allegations or statements in paragraph 24 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

25. US Light denies that it engaged in any unlawful actions against Defendant. These allegations by Defendant are now moot. Defendant in its previous complaint brought counterclaims for intentional and negligent interference with contract, and unfair competition against US Light. US Light's actions were strictly privileged under the California Litigation Privilege. Therefore, US Light moved to dismiss Defendant's improper claims. In response, Defendant submitted this amended complaint that removed the offending counterclaims. Pursuant to well established Ninth Circuit case law, Defendant has now waived its intentional and negligent interference counterclaims, as well as its unfair competition counterclaim and cannot again assert these claims in this action. *See London v. Coopers & Lybrand*, 644 F2.d 811, 814 (9th Cir. 1981)(all causes of action alleged in original complaint which are not alleged in the amended complaint are waived.) Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 25 of the

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

Counterclaims and, therefore, on that basis generally and specifically denies the same.

26. US Light presently lacks sufficient information to admit or deny any of the allegations or statements in paragraph 26 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

27. US Light denies engaging in any tortious and unlawful conduct against Deco. These allegations by Defendant are now moot. Defendant in its previous complaint brought counterclaims for intentional and negligent interference with contract, and unfair competition against US Light. US Light's actions were strictly privileged under the California Litigation Privilege. Therefore, US Light moved to dismiss Defendant's improper claims. In response, Defendant submitted this amended complaint that removed the offending counterclaims. Pursuant to well established Ninth Circuit case law, Defendant has now waived its intentional and negligent interference counterclaims, as well as its unfair competition counterclaim and cannot again assert these claims in this action. *See London v. Coopers & Lybrand*, 644 F2.d 811, 814 (9th Cir. 1981)(all causes of action alleged in original complaint which are not alleged in the amended complaint are waived.) Because Defendant's claims for damages are now moot, US Light will not address these claims other than to state that Defendant's claims for damages were entirely speculative. Many parties bid on the San Diego Project including General Electric and other large lighting suppliers. Defendant could never have shown, that, but for, the (privileged) actions of US Light, it would have prevailed against any of the multiplicity of other competitors bidding on the project. Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 27

of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

**COUNTERCLAIM ONE**

**(Declaratory Relief Regarding Non-Infringement)**

28. US Light presently lacks sufficient information to admit or deny any of the allegations or statements in paragraph 28 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

29. US Light admits that it owns the '685 patent.

30. US Light admits that it has sued Deco for patent infringement and has alleged that Deco's sale of copies of the design disclosed by the '685 patent, with full knowledge of the patent, constitutes willful infringement. Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 30 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

31. US Light denies each and every allegation of paragraph 31 of the Counterclaims.

32. US Light denies that Deco is entitled to a declaration of non-infringement or any relief whatsoever.

///

///

///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

**COUNTERCLAIM TWO**

**(Declaratory Relief Regarding Invalidity)**

33. US Light presently lacks sufficient information to admit or deny any of the allegations or statements in paragraph 31 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

34. US Light admits that it has sued Deco for patent infringement and has alleged that Deco's sale of copies of the design disclosed by the '685 patent, with full knowledge of the patent, constitutes willful infringement. Otherwise, US Light presently lacks sufficient information to admit or deny any of the remaining allegations or statements in paragraph 34 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

35. US Light denies each and every allegation of paragraph 35 of the Counterclaims.

36. US Light denies that the '685 patent is invalid and denies that Deco is entitled to any relief whatsoever.

37. US Light denies each and every allegation of paragraph 37 of the Counterclaims.

///

///

///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

**COUNTERCLAIM THREE**

**(Declaratory Judgment of Unenforceability)**

38. US Light presently lacks sufficient information to admit or deny any of the allegations or statements in paragraph 38 of the Counterclaims and, therefore, on that basis generally and specifically denies the same.

39. US Light denies each and every allegation of paragraph 39 of the Counterclaims.

40. US Light denies each and every allegation of paragraph 40 of the Counterclaims.

41. US Light denies each and every allegation of paragraph 41 of the Counterclaims.

42. US Light denies that the ‘685 patent is invalid and denies that Deco is entitled to any relief whatsoever.

**PRAYER FOR RELIEF**

US Light denies that Deco is entitled to any of the relief prayed for in its Answer, Affirmative Defenses and Counterclaims or any form of relief, whatsoever.

///

///

///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(The Patent-in-Suit is Presumed to be Valid)**

1. As a first and separate affirmative defense to the counterclaims, the patent-in-suit, U.S. Patent No D624,685, is, and is presumed to be valid under 35 U.S.C. §282.

**SECOND AFFIRMATIVE DEFENSE**

**(The Patent-In-Suit is Valid and Enforceable)**

2. As a second and separate affirmative defense to the counterclaims, the patent-in-suit, U.S. Patent No D624,685, was legally issued in compliance with the patent laws of the United States, 35 U.S.C. §1 et. seq., is therefore valid and enforceable.

**THIRD AFFIRMATIVE DEFENSE**

**(Attorney's Fees Improper)**

3. As a third and separate affirmative defense to the Complaint, US Light alleges that Defendant Deco fails to state facts sufficient to permit the recovery of Deco's attorney's fees and costs in the (unlikely) event Deco should prevail in this action.

///

///

///

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

4. Each of Defendant's purported causes of action and/or claims for relief recited in Defendant's counterclaims fail to state facts sufficient to constitute a viable cause of action or claim for relief against Plaintiff.

Dated: June 21, 2011

CISLO & THOMAS, LLP

By: [signature]
David B. Sandelands, Esq.
Daniel M. Cislo, Esq.

Attorneys for Plaintiff U.S. ENERGY TECHNOLOGIES, INC. (dba U.S. LIGHTING TECH, INC.)

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-1211
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477

## PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the State of California, and not a party to the above-entitled action. My business address is 1333 2nd Street, Suite 500, Santa Monica, California 90401-4110.

On Tuesday, June 21, 2011, I served:

**PLAINTIFF'S AMENDED ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIMS**

addressed as follows to:

Nathaniel L. Dilger, Esq.
Marc S. Williams, Esq.
John Tehranian, Esq.
ONE LLP
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, California 92660
Email: ndilger@onellp.com
mwilliams@onellp.com
jtehranian@onellp.com

Omid E. Khalifeh, Esq.
OMNI LEGAL GROUP
640 South San Vicente Blvd., Suite 215
Los Angeles, California 90048
Email: omid@omnilegalgroup.com

☐ **BY MAIL**: I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at Santa Monica, California, in the ordinary course of business. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

☒ **BY ELECTRONIC PROCESS**: An electronic copy of this document was sent to the above email address(es) via the Electronic Court Filing (ECF) procedure provided by this Court.

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on Tuesday, June 21, 2011, at Santa Monica, California.

[signature]

David B. Sandelands