David B. Sandelands, Esq. No. 198,252
Daniel M. Cislo, Esq. No. 125,378
CISLO & THOMAS LLP
1333 Second Street, Suite 500
Santa Monica, California 90401
Telephone:  (310) 451-0647
Facsimile:  (310) 394-4477

Attorneys for Plaintiff and Counterdefendant
U.S. ENERGY TECHNOLOGIES, INC.
(dba U.S. LIGHTING TECH, INC.)

Nathaniel L. Dilger,Esq. No. 196023
Marc S. Williams, Esq. Bar No. 198913
John Tehranian, Esq. Bar No. 211616
One LLP
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, California 92660
Telephone:  (949) 502-2870
Facsimile:  (949) 258-5081

Attorneys for Defendant and Counterclaimant
DECO LIGHTING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. Energy Technologies, Inc. (dba U.S. Lighting Tech.), a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>Deco Lighting, Inc., an entity of unknown status, residing in California, and DOES 1 through 9, inclusive,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. SACV 11-329 JST (RNBx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>[DISCOVERY MATTER]<br><br>[[Proposed] Order filed concurrently herewith]<br><br>Trial Date: March 13, 2011 |

On July 25, 2011, the parties submitted a Proposed Stipulated Protective Order for entry as an order of the Court.  On July 27, the Court issued a Minute Order wherein the Court declined to issue the Protective Order as failing to meet certain requirements as set forth by the Court in its Minute Order.  In this First Amended Stipulated Protective Order, the parties have made each change as required for the Court and now believe the Proposed Stipulated Protective Order is in condition for entry by the Court.

WHEREAS, Plaintiff US Energy Technologies, Inc. (dba US Lighting Tech, Inc.) ("US Light") and Defendant Deco Lighting, Inc. ("Deco") agree that discovery in this action may involve disclosure of certain documents and information which may contain trade secrets and/or confidential commercial, financial, research and development or business information, as contemplated by Federal Rule of Civil Procedure 26(c)(7), and that a protective order is necessary to protect their privacy and confidentiality.

ACCORDINGLY, the parties, by and through their respective undersigned counsel of record, therefore STIPULATE to the following protective order and procedures for handling such information, which will apply to all documents, testimony, tangible things, materials, items, and/or information produced by the parties or non-parties during discovery and designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY" by the producing person or entity:

## STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties hereto for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

2

IT IS HEREBY ORDERED THAT the following principles and procedures shall govern any and all discovery among the parties and any third parties, as applicable:

1.    Scope of Order.  Any person or entity that provides documents, materials and information, whether oral, written or demonstrative ("Producing Person") to any party ("Receiving Party") in connection with this action that contain information of a confidential nature may designate such documents, materials and information, whether in the form of documents, interrogatory answers, admissions, things, deposition testimony, or otherwise ("Designated Information") as falling within one of the following two categories of confidentiality, provided such designation is made in good faith: "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS ONLY."

2.    Information that may be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY."  A Producing Person may designate as "CONFIDENTIAL" any of the documents, materials and information described in Paragraph 1 that the Producing Person believes in good faith contains, reflects or reveals information entitled to protection under Fed. R. Civ. P. 26(c)(7).  If the Producing Person believes in good faith that the limitations in this Order on dissemination of materials designated as "CONFIDENTIAL" are insufficient to safeguard the subject materials because the dissemination could reasonably cause competitive injury to the Party, its owner or the Producing Person, the Producing Person may designate such materials as "CONFIDENTIAL – ATTORNEYS ONLY."  The parties and their attorneys shall use reasonable care and diligence to avoid designating any documents or materials as CONFIDENTIAL or CONFIDENTIAL –

ATTORNEYS ONLY that are not entitled to such designation.  Once Designated Information is designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY, production or disclosure of that document, material or information shall be governed by the terms of this Order unless such designation is withdrawn, either by agreement of the Producing Person or by order of the Court.  For purposes of this Order, any confidential designation shall thereafter be included on all copies of such materials delivered to or maintained by the Receiving Parties, their counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential materials.

3. <u>Definition of "Document."</u>  "Document," for purposes of this Order, is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).

4. <u>Manner of Designation of Confidential Material</u>.

a. <u>Documents.</u>  All or any portion of a document may be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY. Documents shall be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY by affixing the appropriate confidential designation on each such page.  Tangible things and other non-paper documents shall be so marked with an appropriate label, marking or notice.

b.      Answers to Interrogatories, Requests for Production and Requests for Admission.  With respect to answers to interrogatories, responses to requests for production of documents, and responses to requests for admission, the confidential designation shall be made on the first page of any such set of answers or responses and on each succeeding page that contains information designated as confidential.

c.      Deposition Transcripts and Exhibits.  With respect to any deposition transcript or exhibit, or any portion thereof, the confidential designation shall be made on the record at the deposition or within 10 days of receipt of the deposition transcript by the Producing Person.  If designated at the deposition, the attorneys of record shall instruct the court reporter to mark the cover page, those portions of the original transcripts, and all copies thereof which contain Designated Information with the appropriate legend(s), either "CONFIDENTIAL - Subject to Protective Order" or "CONFIDENTIAL – ATTORNEYS ONLY - Subject to Protective Order."  If designated after the deposition, all parties shall place such legends on the cover page and Designated portions of such transcripts and copies thereof within their possession.

d.      Inadvertent Failure to Designate.  In the event that a Producing Person inadvertently fails to designate any material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY in accordance with the foregoing procedures, the Producing Person shall provide supplemental written notice designating the material under the appropriate confidential designation as soon as practicable and provide replacement materials with the appropriate confidential designation.  The Receiving Person shall make a good faith effort to treat the originally-produced undesignated material, and all copies thereof, in all respects

CISLO & THOMAS LLP
Attorneys at Law
1333 SECOND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

as either CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY, as the case may be.  Disclosure by any party of such matter prior to notice of the confidential nature thereof shall not be deemed a violation of this Order.  If CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY material has previously been disclosed to any person no longer qualified after such designation, the disclosing counsel shall, within 10 days of learning that such person no longer qualifies to receive such information, retrieve all such previously disclosed information and shall advise such formerly qualified persons of the claim of confidentiality.

5.    <u>Disputes Concerning Propriety of Confidential Designation.</u>  Any party may dispute the designation of particular Designated Information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY.  If the Receiving Party believes that material which has been designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court, by duly noticed written motion, for resolution.  All motions challenging a designation must strictly comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  Material or information claimed to be CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact confidential material information shall, until further order of the Court, be treated according to its originally designated level of confidentiality in accordance with the provisions of this Order notwithstanding the existence of such dispute.  The Producing Party shall bear the burden of proof to support the challenged designation.

6

6.   <u>No Use Permitted For Purposes Other Than This Action</u>.
Documents or information designated as CONFIDENTIAL or CONFIDENTIAL
– ATTORNEYS ONLY under this Order (and their contents or information
revealing their contents) shall not be used or disclosed by any party, or person to
whom disclosure has been made under this Order: (a) in any action other than this
action or any appeals or retrials thereof, (b) for business or competitive purposes,
(c) and/or (c) for any purpose whatsoever other than the preparation for, and
proceedings relating to, this civil action and any appeals therein.

7.   <u>Persons To Whom CONFIDENTIAL Material May Be Disclosed</u>.
No one who obtains Designated Information designated CONFIDENTIAL under
this Order shall disclose or permit disclosure of such information or document
(and any of its contents or any information revealing the contents of such a
document) to any other person or entity, except in the following circumstances:

a.   <u>The Receiving Party, Employees and Agents</u>.  Disclosure may
be made to the Receiving Party and to those employees and agents of the
Receiving Party to whom it is necessary that said Designated Information be
shown solely for the purposes allowed by paragraph 6.  Any employee or agent of
the Receiving Party to whom disclosure is made shall be advised of, and become
subject to, the provisions and requirements of this Order regarding the treatment of
Designated Information.

b.   <u>Attorneys of Record for the Receiving Party</u>.  Disclosure may
be made to the outside attorneys of record for the Receiving Party, legal and non-
legal personnel at their law firms, and copying, litigation support, and translation
services associated with or retained by such attorneys for this matter.

c.      Experts and Consultants.  Disclosure may be made to experts or consultants retained by the Receiving Party or its attorneys of record to assist in the preparation for, and proceedings concerning, this litigation, and to employees or support staff of such experts or consultants who are involved with assisting the expert or consultant in connection with this action.  The Receiving Party may disclose Designated Information to the expert or consultant only after obtaining a signed undertaking from the expert or consultant in the form attached as Exhibit A.

d.      Deposition Witnesses.  Persons called to testify under oath in the context of a deposition may be shown during their testimony Designated Information but they may not be allowed to retain copies of such documents unless otherwise authorized to do so under this Order.  Any deposition witness who is to be shown Designated Information shall be provided with a copy of this Order, informed on the record that he or she is bound by the terms of this Order and is required not to disclose any Designated Information to any other person, and required to sign a copy of the CONFIDENTIALITY AGREEMENT attached hereto as Exhibit A.  If a deposition witness refuses to execute the Confidentiality Agreement, then the party seeking to disclose Designated Information to that witness may only do so under the following conditions: (1) the party must show the witness a copy of this Order and ask the witness to read it; (2) the party must inform the witness that documents that will be shown to the witness are confidential and that, under this Order, such documents and testimony or information concerning them may not be disclosed to anyone except as provided herein; and (3) the party must advise the witness that failure to abide by the terms of this Order may result in the imposition of substantial penalties against the

8

witness.  These advisements to a non-signing witness shall be made on the record at a deposition, or a written record of the advisements shall be made by the attorney giving the advice and the written record shall be retained in the same fashion as a written Confidentiality Agreement.  This paragraph applies to witnesses at a deposition only.

e.  <u>Disclosure to the Court</u>.  Disclosure may be made at any time to the Court or any Judge, clerk, or court employee with responsibility over any aspect of this civil action; provided, however, that any such disclosure shall comply with Paragraph 9 herein.  Disclosure may also be made to court reporters, stenographers and videographers actually recording proceedings in this action.

8.  <u>Persons to whom CONFIDENTIAL – ATTORNEYS ONLY Material May be Disclosed</u>.  No one who obtains Designated Information designated CONFIDENTIAL – ATTORNEYS ONLY under this Order shall disclose or permit disclosure of such information or document (and any of its contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

a.  <u>Attorneys of Record for the Receiving Party</u>.  Disclosure may be made to the outside attorneys of record for the Receiving Party, legal and non-legal personnel at their law firms, and copying, litigation support, and translation services associated with or retained by such attorneys for this matter.

b.  <u>Experts and Consultants</u>.  Disclosure may be made to experts or consultants retained by the Receiving Party or its attorneys of record to assist in the preparation for, and proceedings concerning, this litigation, and to employees or support staff of such experts or consultants who are involved with assisting the expert or consultant in connection with this action.  Prior to

9

disclosing any CONFIDENTIAL – ATTORNEYS ONLY to any such experts or consultants, the Receiving Party shall identify the name of the expert or consultant to the Producing Person in writing and provide a copy of the expert's or consultant's most recent curriculum vitae.  The Producing Person shall have ten calendar days to object in writing to any such disclosure, providing the reasons for such objection.  If the Producing Person objects within that time, then the Receiving Party shall not disclose any CONFIDENTIAL – ATTORNEYS ONLY to such expert or consultant.  If the Producing Person does not object in writing within such time, then after the expiration of the ten-day waiting period, or after receiving the Producing Person's written consent, the Receiving Party may disclose CONFIDENTIAL – ATTORNEYS ONLY to the expert or consultant after obtaining a signed undertaking from the expert or consultant in the form attached as Exhibit A.  All parties agree to use good faith in considering experts or consultants identified by other parties and only to object if a good faith basis exists to believe that disclosure to the identified expert or consultant would be reasonably likely to cause competitive harm to their business.  If an objection is made to any such expert or consultant, the parties may bring the issue to the Court for resolution, and the party objecting to disclosure shall bear the burden of persuasion that disclosure should not be permitted.

        c.     Deposition <u>Witnesses</u>.  Persons called to testify under oath in the context of a deposition may be shown during their testimony CONFIDENTIAL – ATTORNEYS ONLY information if said witness was the author, sender, or a recipient of such documents or other materials or can otherwise be demonstrated to have had prior access to or receipt of such documents or materials or the information contained therein.  Regardless of designation pursuant to this Stipulated Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a

person who is a potential witness in this action, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement. Deposition witnesses may not be allowed to retain copies of documents designated CONFIDENTIAL – ATTORNEYS ONLY unless otherwise authorized to do so under this Order.  Any deposition witness who is to be shown CONFIDENTIAL – ATTORNEYS ONLY as allowed under this sub-paragraph shall be provided with a copy of this Order, informed on the record that he or she is bound by the terms of this Order and is required not to disclose any Designated Information to any other person, and required to sign a copy of the CONFIDENTIALITY AGREEMENT attached hereto as Exhibit A.  If a deposition witness refuses to execute the Confidentiality Agreement, then the party seeking to disclose Designated Information to that witness may only do so under the following conditions: (1) the party must show the witness a copy of this Order and ask the witness to read it; (2) the party must inform the witness that documents that will be shown to the witness are confidential and that, under this Order, such documents and testimony or information concerning them may not be disclosed to anyone except as provided herein; and (3) the party must advise the witness that failure to abide by the terms of this Order may result in the imposition of substantial penalties against the witness.  These advisements to a non-signing witness shall be made on the record at a deposition, or a written record of the advisements shall be made by the attorney giving the advice and the written record shall be retained in the same fashion as a written Confidentiality Agreement.  This paragraph applies to witnesses at a deposition only.

        d.    <u>Disclosure to the Court</u>.  Disclosure may be made at any time to the Court or any Judge, clerk, or court employee with responsibility over any

1  aspect of this civil action; provided, however, that any such disclosure shall

2  comply with Paragraph 9 herein.  Disclosure may also be made to court reporters,

3  stenographers and videographers actually recording proceedings in this action.

4

5      9.    <u>Filing Designated Information with the Court</u>.  In accordance with

6  Local Rule 79-5.1, if any papers to be filed with the Court contain information

7  and/or documents that have been designated as "Confidential" or "Confidential--

8  Attorney's Only" the proposed filing shall be accompanied by an application to

9  file the papers or the portion thereof containing the designated information for

10  documents (if such portion is segregable) under seal; and the application shall be

11  directed to the judge to whom the papers are directed.  For motions, the parties

12  shall publicly file a redacted version of the motion and supporting papers.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 Second Street
SANTA MONICA, CALIFORNIA 90401
Telephone: (310) 451-0647   Facsimile: (310) 394-4477

10.   <u>No Waiver Or Admission</u>.  The designation of any document, deposition exhibit, deposition transcript, answer to interrogatory, response to request to produce, response to request for admission or information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY is intended solely to facilitate preparation for trial, and treatment in conformity with such designation will not be construed in any way as an admission or agreement that the designated document or information contains any trade secret or confidential information.  Furthermore, the entry of this Order shall not be construed as a waiver of any right to object on other grounds to the furnishing of Designated Information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

11.   <u>Notification Upon Improper Disclosure</u>.  If any Designated Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Producing Person whose information has been disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to retrieve such information and to prevent disclosure by each unauthorized person who receives such information.

12.   <u>Duties in Responding to Third Party Requests for Disclosure of Designated Information</u>.  Should any Receiving Party, during the pendency of this action (including any appeals or retrials thereof) or thereafter receive a request from any third party for disclosure of Designated Information received from a

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 SECOND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Producing Person under this Order, whether by subpoena or otherwise, before making such disclosure such Receiving Party shall first notify the Producing Person, in writing, of such request to provide an opportunity for the Producing Person to object to such disclosure.  However, nothing in this order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

13.   <u>Disposition Of Designated Information Upon Final Determination Of This Action</u>. Within sixty (60) days following the final determination of this action, including any appeals or retrial, all attorneys of record and every person to whom Designated Information has been disclosed shall either return to outside counsel for the Producing Person all such material, including all copies thereof, with the exception of attorney work-product, or destroy such material and certify in writing said destruction.  Notwithstanding anything contained herein to the contrary, counsel of record shall be permitted to retain copies of all court filings, transcripts, exhibits and work product containing or reflecting confidential materials; provided, however, that they shall treat such materials accordingly to their original confidential designations.

14.   <u>No Restriction On Producing Person's Use Of Confidential Materials</u>.  Notwithstanding any other provision of this Order, the Producing Person that has designated material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY does not thereby lose the right to use or disclose its own documents or information in the manner of its own choosing.

15.   <u>No Restriction on Receiving Party's Use of Materials in Its Possession Before Commencement of This Action</u>.  Notwithstanding any other

provision of this Order, the Receiving Party who receives documents or information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY by the Producing Person does not lose the right to use or disclose documents or information in its possession before this civil action was commenced or documents or information received during this civil action and not designated confidential in accordance with this Order which contain information also contained in documents subsequently received with a confidential designation.

16. <u>No Limitation On Scope Of Discovery Or Use Of Nonconfidential Information</u>. This Order shall not expand or limit the rights of any party to demand additional information during the course of discovery on any grounds. This Order shall not inhibit the dissemination or use of any Designated Information if that information has been or is obtained by the Receiving Party from: (a) sources which are or, through no act or failure to act by the Receiving Party, become public, and/or (b) sources other than the Producing Person under circumstances that place no restriction on the use or disclosure of the information by the Receiving Party. Nothing in this Order or in any party's compliance with its provisions shall be construed to preclude a party from seeking and obtaining Designated Information or other information either informally or by discovery request or other judicial process in this civil action.

17. <u>No Limitation On Receipt By Authors/Those Who Have Previously Received Document</u>. Nothing in this order shall limit the ability of a Receiving Party to show documents (or information contained therein), regardless of designation, to persons who on the face of such document are shown to have authored or received it in the past.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 SECOND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

18.   <u>Inadvertent Production of Privileged Material</u>.  If a party inadvertently produces material that it considers to be protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect, in whole or in part, or learns of the production of such material by a third party, the party may retrieve such information as follows:

a.   Within five (5) court days of the date of discovery by a party of the inadvertent production by it or a third party, the party asserting that an inadvertent production has occurred must give written notice to all other parties that the party claims the material, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it.

b.   Upon receipt of such notice, any party who has received the subject documents or material shall promptly return all copies to the party asserting inadvertent production.  In the event that only a part of a document is claimed to be privileged or protected, the party asserting inadvertent production shall furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

c.   Any party who has received the subject documents or material may contest the claim of privilege or inadvertence by filing a motion contesting the claim within ten (10) court days of receiving the notice under subparagraph (a) above.  Any such motion must strictly comply with the provisions of Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  During the pendency of such motion, the receiving party need not return all copies of the produced documents or material to the party asserting inadvertent production; however, the

16

1  receiving party may not use or disclose the material for any purpose other than

2  prosecution of the motion challenging the privilege or protection claim.

3         d.      The provisions of the above subparagraphs are without

4  prejudice to any other rights that any party may have with respect to challenging

5  or defending any claim of privilege.

6

7         19.    <u>Modification of Order</u>.  Each party retains the right to seek

8  modification of this Order upon written motion to the Court, either with or

9  without consent of the other side.

10  Dated:  August 1, 2011

11

12  **AGREED AND STIPULATED TO**:

13

14

15  CISLO & THOMAS LLP                    ONE, LLP

16

17      /s/Dave Sandelands                     /s/Marc Williams

18  David. B. Sandelands, Esq.              Nathaniel L. Dilger, Esq.

19  Daniel M. Cislo, Esq.                   Marc S. Williams, Esq.

19                                          John Tehranian, Esq.

20  Attorneys for Plaintiff US Energy

21  Technologies, Inc. (dba US Lighting     Attorneys for Defendant Deco Lighting,

    Tech, Inc.                              Inc.

22

23  IT IS SO ORDERED.

24

25  Dated:  August 8, 2011

26                                          Honorable Robert. N. Block

                                            United States Magistrate Judge
27

28

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have reviewed the Stipulated Protective Order, dated _____, 2011 (the "Protective Order") in the matter entitled <u>US Energy Technologies, Inc. (dba US Lighting Tech) v. Deco Lighting, Inc.</u>.  I understand that pursuant to the Protective Order, information disclosed in this matter through discovery shall be held confidential pursuant to the terms of the Protective Order.  I hereby agree to maintain the confidentiality of all such confidential information in accordance with the terms of the Protective Order.  I further understand that failure to abide by the terms of this Protective Order may result in the imposition of substantial penalties.

Dated _____.


_____ Signature: _____


_____ Printed Name: _____


_____ Printed Address: _____
                                                 _____
                                                 _____